IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALEX SMITH, | CV 26–22–GF–SPW |
| Plaintiff, | ORDER |
| v. | |
| CORECIVIC, ET AL., | |
| Defendants. | |

Plaintiff Alex Smith filed a pro se 42 U.S.C. § 1983 lawsuit. (Doc. 2.) Smith's Complaint failed to state a claim for relief. Smith was permitted to amend, if he could do so in accordance with the Court's Order. (Doc. 8.) Smith filed a non-compliant amended complaint and was again directed to amend. (Doc. 13.) Smith was given multiple extensions to do so. (Docs. 10, 13, and 16.) Smith filed a motion to change venue and for recusal. (Doc. 17.) He also filed an amended complaint, but it does not comply with the Court's prior Orders. (Doc. 20.) Smith's Amended Complaint will be served by separate order only on Defendants Dr. Gerig and Dr. Henegan.

## I. STATEMENT OF THE CASE

Smith is an inmate at Crossroads Correctional Center, in Shelby, Montana.

1

(Doc. 2 at 1.) His original Complaint named nine defendants: CoreCivic, operator of Crossroads, and eight CoreCivic employees, Dr. Gerig, Grievance Coordinators Vines and Combs, Corrections Officer Martinez, Unit Managers Holmes and Steyh, unknown Disciplinary Hearing Officer, and Recreation Manager Bishop. (Doc. 2 at 1.) His Amended Complaint adds thirteen defendants, mostly additional CoreCivic employees, but also the Montana Department of Corrections ("D.O.C.") and some D.O.C. and Montana State Prison employees. (Doc. 20 at 3 – 4.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915A

Smith is an inmate proceeding in forma pauperis and pro se against a governmental defendant, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Section 1915A(b) requires the Court to dismiss a complaint by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint fails to state a claim "where there is no

2

cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## III. ANALYSIS

Smith cites several legal grounds for his claims, including the First, Eighth, and Fourteenth Amendments to the U.S. Constitution, and the Montana Constitution. (Doc. 20 at 5.) The Court previously determined that three of Smith's eleven claims did not plausibly state a claim for relief. (Doc. 8 at 4.) Nonetheless, Smith retains those claims in his Amended Complaint. Despite elaboration of his claims, additional details, and adding additional claims and defendants, Smith's Amended Complaint fails to state a claim, except as to medical care. Smith continues to assert claims that he was advised were not viable, and he has failed to allege facts to state the other more likely claims. (Doc. 20 at 7 – 12.) Smith asserts new claims that he could have, but did not, raise in his original Complaint, including new allegations of different medical conditions. In addition, he has added wholly new claims, such as against the religious activities coordinator at Montana State Prison, that should rightfully be in a separate Complaint and are improperly

3

joined. Fed. R. Civ. P. 18 and 20. (These claims will not be severed, as authorized by Rule 20, because Smith himself says he intentionally did not exhaust his administrative remedies. (Doc. 20 at 10.))

A. First Amendment

The First Amendment analysis of Judge Molloy's Order is incorporated here. (Doc. 8 at 4 – 7.) Smith has failed to amend his First Amendment claims sufficiently to state a claim.

1. Grievances/Retaliation

Smith was advised of the elements of a retaliation claim and of the facts he must allege to state one. Smith has failed to allege sufficient facts. Against CoreCivic, he has alleged an even more general statement about the failure of the grievance procedures. (Doc. 20 at 7.) Against the individual defendants he names for failures in the grievance procedure, his allegations amount only to a disagreement with the result. For example, against Defendant Bureau Chief Sue Podruzny, he alleges that she violated the grievance policy by not properly investigating Smith's claim of not getting salt. (Doc. 20 at 8.) In essence, Smith faults her for not agreeing with him. That is not a First Amendment violation.

Smith's retaliation allegations against the other individual defendants are the same. (Doc. 20 at 8 – 9.) He frequently questions the grievance process, but that is not a viable constitutional claim. Inmates do not have a constitutional right to a

4

"specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)); *Grigsby v. Evans*, 341 F. App'x 312, 313 (9th Cir. 2009) (concluding that the district court properly dismissed due process claim based on the alleged failure to respond to plaintiff's administrative grievances "because prisoners do not have a liberty interest in a particular grievance procedure"). *See also Yoon v. Arnett*, 385 F. App'x 666, 668 (9th Cir. 2010) (affirming dismissal of due process claim based on defendants' alleged failure to respond to, and interference with, plaintiff's administrative grievances because plaintiff had no "due process right to the handling of grievances in any particular manner"); *Campos v. Barnes*, 2021 WL 1564459, at *6 (C.D. Cal. Apr. 21, 2021) ("Detainees and prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure.")

Smith fails to state a claim regarding grievances and retaliation.

2. Religious Freedom

Smith has clarified the basis of his religion claim against Defendant Martinez, alleging that Martinez informed him that Smith's classification level prevented him from attending Jewish services. (Doc. 20 at 10.) Elsewhere in his Complaint, Smith states that he is not Jewish. (Doc. 20 at 10.) Accordingly, not being able to attend Jewish services because of his classification does not

5

unconstitutionally affect his ability to practice his religion, even if he prefers to attend those services.

Smith also alleges Chaplin Johnson violated his religious rights by not allowing Smith to have special Jewish holiday meals. (Doc. 20 at 10.) He alleges that Johnson told him that he was not eligible for those foods, because he is not Jewish. Smith says that his particular brand of Christianity requires him to have those foods. The only requirement he identifies is the obligation to abstain from eating leavened foods on certain holidays, which is a practice wholly within Smith's control. Smith does not identify any way in which he was forced to violate his religious beliefs by a defendant.

Smith's final religious allegation is that the religious activities coordinator at Montana State Prison would not allow Smith to have Jewish meals and required him to pass a test by a rabbi in order to get them. Smith was only at MSP for a month before he was moved back to Crossroads, so he did not grieve this claim. (Doc. 20 at 10.) Smith was required to exhaust his administrative remedies before he could bring a claim to this court. 42 U.S.C. § 1997e(a) (""[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

Smith fails to state a First Amendment religion claim.

B. Eighth Amendment

Smith's first Complaint alleged Eighth Amendment claims including denial of medical care for his apnea and digestive/neurological problems, insufficient food, and cell overcrowding. Smith's Amended Complaint adds allegations related to a scabies outbreak that was not mentioned in his first Complaint. (Doc. 20 at 7.)

1. Medical Care

As Judge Molloy explained, Smith's right to medical care at Crossroads arises under the Eighth Amendment right to adequate medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). (Doc. 8 at 7 – 8.) Smith reiterates his previous claims about not being able to keep laxatives on his person, and the prison's "oppressive building schedule." (Doc. 20 at 8.) These allegations do not show deliberate indifference to a serious medical need.

Smith asserts he had scabies that he was forced to "burn off with very hot water." (Doc. 20 at 8.) Defendant Gerig "refused" to treat Smith. (Doc. 20 at 9.) Smith also alleges that Defendant Gerig refuses to treat a chronic itch Smith has. *Id.* Smith alleges Gerig denied him a referral to a neurologist and, when Smith said Gerig could be charged with neglect, Gerig responded, "good luck finding anyone to arrest me." *Id.*

Smith alleges Defendant Heneghan is treating his sleep problems with the wrong medication. (Doc. 20 at 11.) His allegations do not evince deliberate

7

indifference to his medical care, though he may prefer another form of treatment.

Smith has alleged sufficient facts to have his claims against Gerig and Heneghan served.

## 2. Insufficient Food

Smith has failed to allege sufficient facts to state a plausible claim regarding food. (Doc. 20 at 7.)

## 3. Overcrowding

Smith has failed to allege sufficient facts to state a plausible claim regarding overcrowding. (Doc. 20 at 7.)

## 4. Lockdown

No outright constitutional prohibition exists against "mass punishment" or "lockdown." Such a claim fails as a matter of law. The deprivations of an inmate's liberty associated with an unjustified lockdown however "may constitute a due process violation, as well as a violation of the Eighth Amendment, if [it] persist[s] too long." *Pepperling v. Crist*, 678 F.2d 787, 789 (9th Cir. 1982). Such a determination depends on "the unique factual situations presented by each case." *Id.*; *see also Sandin v. Connor*, 515 U.S. 472, 484 (1995) (focusing on whether the change in the terms of the inmate's confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Hayward v. Procunier*, 629 F.2d 599, 600–03 (9th Cir. 1980) (holding five-

8

month lockdown did not violate Due Process Clause or Eighth Amendment); *see also Noble v. Adams*, 646 F.3d 1138, 1142–43 (9th Cir. 2011) (as amended).

Smith alleges this lockdown lasted for a few days. (Doc. 20 at 9.) Smith has alleged no facts to show confinement to his cell in this manner violated his constitutional rights. He fails to state a claim regarding the lockdown.

C. Fourteenth Amendment

Smith alleges that accountants Waln and Wirth have taken money from his account improperly. (Doc. 20 at 11.) Smith's allegations show that he has not exhausted his administrative remedies on this claim. In addition, Smith's allegations are too vague, since he himself does not appear to understand why the money was removed.

The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022) (In order to analyze a procedural due process claim, we engage in a two-step analysis: First, we determine whether the inmate was deprived of a constitutionally protected liberty or property interest. Second, we examine whether that deprivation was accompanied by sufficient procedural protections.") "An individual's property is a fundamental example of a protected interest," and an inmate's funds in his prison account are a protected property interest. *See Shinault v. Hawks*, 782 F.3d 1053,

9

1057 (9th Cir. 2015) ("Shinault's trust account funds are within the scope of the Fourteenth Amendment."). Thus, an authorized, intentional deprivation of such property (one carried out pursuant to established state procedures) is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).

On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. The Montana Tort Claims Act, Mont. Code Ann. §§ 2–9–101, et seq., provides an adequate post-deprivation remedy for the loss of property caused by a governmental entity. *See* Mont. Code Ann. § 2–9–101(1) (2019). Additionally, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to...property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original). Smith's explanation is somewhat difficult to follow, but if he alleges that money has been taken in error, he must pursue the remedies of Montana's Tort Claims Act. Smith fails to state a federal claim for that deprivation, which is administratively unexhausted.

### III. MOTION FOR RECUSAL AND TO CHANGE VENUE

Smith has moved for a change of venue and for Judge Molloy to recuse himself. (Doc. 17.) Smith asserts Judge Molloy's prior rulings in this matter "show an allegiance with defendants and a strong appearance of impropriety." In essence, however, Smith simply disagrees with Judge Molloy's rulings. Smith also asserts that the Clerk of Court has failed to provide certain documents to him.

The motion is denied. Smith has provided no reason to change venue. According to L.R. 3.2(b)(3), this case is properly venued in Great Falls, Montana, because the underlying events occurred in Toole County, Montana. Smith has provided no reason not to follow the rule. Likewise, Smith has offered no grounds for recusal, other than that he disagrees with rulings. An adverse ruling, without more, does not reflect an appearance of impropriety. The motion is denied.

## IV. CONCLUSION

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted. Smith's Amended Complaint fails to state a claim for relief against any defendant other than, possibly, Drs. Gerig and Heneghan. Only those claims will be served.

Accordingly, it is HEREBY ORDERED:

1.      Smith's motion for change of venue and recusal is DENIED. (Doc. 17.)

2.      All defendants and claims are DISMISSED, other than Smith's

medical care claims against Drs. Gerig and Heneghan. The Clerk of Court is directed to modify the docket accordingly. Drs. Gerig and Heneghan will be served by separate order.

3.      At all times, Smith must update the Court with any change in address. Failure to do so may result in dismissal of this action for failure to prosecute without notice to Smith. Fed. R. Civ. P. 41(b).

DATED this 22ⁿᵈ day of July, 2026.

Susan P. Watters
United States District Court Judge