IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALEX SMITH,<br><br>Plaintiff,<br><br>v.<br><br>GERIG and HENEGAN,<br><br>Defendants. | CV 26–22–GF–SPW<br><br>ORDER |

Plaintiff Alex Smith has filed six motions: a motion for preliminary injunction, a motion to add defendants, a third motion for the appointment of counsel, a second motion for recusal and a change of venue, a motion to seal the case, and a motion to amend. (Docs. 28, 32, 33, 39, 41, and 45.) The motions are denied.

## I. MOTION FOR PRELIMINARY INJUNCTION

Smith's motion for preliminary injunction relates to medical care that he claims to "desperately need." (Doc. 28 at 1.) His issues are sleep deprivation and digestive problems, which are the basis for the claims in his Amended Complaint. (Doc. 20.) Smith asserts that Defendants, doctors in charge of his care, are not providing him adequate medical care to cause him suffering. (Doc. 28 at 1.) Smith asserts that Defendants are refusing to provide him sleep medication. (Doc. 28 at

4.) Smith's brief is supported by various grievances he has filed, not all of which relate to his sleep problems. (Doc. 28-1.)

Defendants respond in four ways. First, Smith is unlikely to succeed on the merits of his claim. Smith is receiving ongoing medical care, and he has not provided factual support for his assertion that he is being denied care deliberately. Second, Smith cannot show irreparable harm. Smith's brief alleges that his health issues cause him to feel suicidal, but current counseling sessions show he is angry rather than suicidal. (Doc. 37 at 10 – 11.) Third, the balance of the equities tips in Defendants' favor. (Doc. 37 at 12 – 14.) Smith's disagreement with the medical care he is receiving does not rise to the level of requiring immediate court intervention. And finally, Smith does not meet the heightened standard required for issuance of a mandatory injunction. (Doc. 37 at 14 – 15.)

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original.) The party seeking an injunction must show that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The first factor "is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989

(9th Cir. 2020). Thus, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

The Prison Litigation Reform Act ("PLRA") further constrains the Court's authority to enter an injunction.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system.

18 U.S.C. § 3626(a)(2). But a court may not deny a preliminary injunction motion and thereby "allow constitutional violations to continue simply because a remedy would involve intrusion into" an agency's administration of state law. *Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023) (internal citation omitted).

Finally, an injunction that changes the status quo, rather than preserving it, is particularly disfavored. When the requested preliminary injunctive relief "orders a responsible party to take action," as opposed to "simply maintaining the status quo," the preliminary relief is characterized as mandatory and is "subject to a more demanding standard." *N.D. v. Reykdal*, 102 F.4th 982, 992 (9th Cir. 2024) (distinguishing a "mandatory injunction" from a "prohibitory injunction"). "To obtain a mandatory injunction, [...] a plaintiff 'must establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed.' " *Reykdal*, 102

F.4th at 992 (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (emphasis in original).)

(Smith does not recognize this distinction, as, in his reply, he refers to maintaining the "status quo ante litem." (Doc. 44 at 1.) That is not what he seeks here, since the status quo ante litem in this situation is he receiving the care he is currently receiving, which Smith considers unacceptable.)

Smith has not carried his burden for the issuance of a preliminary injunction. He has not shown that he is likely to succeed on the merits. His brief is not sufficiently clear about what exactly he wants Defendants to do, other than provide him the medical care he believes he needs. The grievances he has attached to support his brief show that he is receiving medical care, and is being seen by staff. (Doc. 28-1 at 2 – 5.) They also are not recent grievances, making his current conditions, complaints, and treatment unknowable. There may be issues with Smith's medical care or his conditions, but on the sparse record he has provided, he has not established that he is likely to succeed on his claims. Having failed at the first *Winter* factor, Smith's motion will be denied without further consideration.

To be fair, Smith replies that he does not have the information he needs to present his case. (Doc. 44 at 1.) Smith must use the discovery process to obtain the records or evidence he needs. He may renew his motion if he is able to provide information that establishes he is likely to succeed on the merits and meets the

other *Winter* factors.

## II. MOTIONS TO ADD DEFENDANTS/ FOR LEAVE TO AMEND

Smith moves to add additional defendants to his case "for ongoing misconduct." (Doc. 32.) He also filed a motion for leave to amend and add defendants. (Doc. 45.) Some of these defendants were previously dismissed from this matter on initial screening, such as Grievance Coordinator Combs, and Unit Manager Steyh. Smith may not just "add defendants." He may move to amend his Complaint in compliance with L.R. 15.1, which requires a proposed amended pleading with his motion. The amended pleading, if the motion is granted, completely replaces the current operative Amended Complaint at Doc. 20. Smith's motions to add defendants and amend are denied, subject to renewal in compliance with the rule.

## III. MOTION FOR THE APPOINTMENT OF COUNSEL

Smith renews his request for counsel. (Doc. 33.) Smith asserts that his mental capacity is such that he cannot properly advocate for himself. He asserts that his cognitive capacity is so limited as to make the Court's previous determination that extraordinary circumstances do not warrant appointment of counsel a 14th Amendment violation.

A civil plaintiff has no constitutional right to appointed counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154

F.3d 952, 962 (9th Cir. 1998). Smith has performed adequately to this point. The motion is denied.

## IV. MOTION FOR RECUSAL

Smith moves for recusal of the undersigned, based on asserted bias toward CoreCivic, and for ruling in previous orders in ways adverse to Smith. (Doc. 39 and 39-1.) Smith further seeks transfer of his case to the U.S. District Court, District of Idaho. (Doc. 39 at 1.)

A federal judge must recuse when, among other things, the judge's "impartiality might reasonably be questioned" or if the judge has a personal bias "or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a)(b)(1). The substantive standard for recusal under 28 U.S.C. § 144 is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *See United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (citation and internal quotation marks omitted). Usually, the purported bias must stem from an "extrajudicial source." *Liteky v. United States,* 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or

partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Smith has asserted nothing but adverse rulings to him and the potential for a general bias toward CoreCivic as grounds for recusal. The Court concludes there is no reason "impartiality might reasonably be questioned," and no personal bias or prejudice that would affect the Court's proceedings in this matter.

As to venue, Smith cites 28 U.S.C. § 1404(a) for the proposition that for the convenience of the parties and witnesses, in the interest of justice, this matter may be transferred to another district where it could have been brought, or to which all parties consent. There is no apparent reason why this matter could have originally been brought in Idaho, since the plaintiff is a resident of Montana, the underlying events occurred in Montana, and the defendants are resident in Montana. Nor has Smith provided evidence to show that Defendants concur with the transfer. The motion is denied.

## V. MOTION TO SEAL

Smith moves to seal this case in its entirety. (Doc. 41.) Smith claims that his ex-wife is a Russian spy and is using this litigation to harm his daughters by using them "as leverage." (Doc. 41.) Smith asserts that his ex-wife is "actively spying" on his court proceedings and harassing him over the content of his filings. Further, Smith asks the court to "consider the Classified Information and Procedures Act

and Executive Order #13526." *Id.* Smith's request is not time-limited. Defendants oppose the motion. (Doc. 42.)

Generally, the public has the right to inspect court documents and proceedings. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). "We start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal citations and quotations omitted).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006). Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify

private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) at 1179 (quoting *Nixon,* 435 U.S. 589, 597 (1978)).

Smith has failed to provide compelling reasons to seal this case. His assertions regarding his ex-wife are too vague to be persuasive. His citations of the Classified Information and Procedures Act and Executive Order #13526 do not make sense on the record before the Court. Nothing in his allegations regarding his medical treatment at Crossroads appears to raise an issue of national security. Smith's motion is denied. If Smith would like to renew his motion to seal, he must follow the procedures outlined in L.R. 5.2. The entire matter will not be sealed absent specific and compelling circumstances.

Accordingly, it is HEREBY ORDERED:

1. Smith's motion for a preliminary injunction is DENIED. (Doc. 28.)

2. Smith's motion to add defendants is DENIED. (Doc. 32.)

3. Smith's motion for the appointment of counsel is DENIED. (Doc. 33.)

4. Smith's motion to recuse and for change of venue is DENIED. (Doc. 39.)

5. Smith's motion to seal is DENIED. (Doc. 41.)

6. Smith's motion to amend is DENIED. (Doc. 45.)

7. At all times, Smith must update the Court with any change in address.

Failure to do so may result in dismissal of this action for failure to prosecute without notice to Smith. Fed. R. Civ. P. 41(b).

DATED this 23rd day of November, 2026.

Susan P. Watters
United States District Court Judge